IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

APR 1 7 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BILL STRINGHAM, et al., | } | |
| | } | |
| Plaintiffs | } | |
| | } | |
| vs. | } | CIVIL ACTION NO.  H-02-4610 |
| | } | |
| JIM TITSWORTH, et al., | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM and ORDER

Pending before the Court are several motions to dismiss.  (Document #'s 10, 14, 15, 16, 17, 26, 44, and 57.) After reviewing the record and applicable law, the Court concludes that the motions to dismiss should be **GRANTED**.

## I. BACKGROUND

The present litigation arose out of a dispute over a dog named Ultra Boogie. According to Plaintiffs' complaint, Plaintiff Franklin H. Brown, Jr. ("Brown") leased Ultra Boogie, a racing greyhound, to Titsworth Kennels for training and racing purposes.[1]  In the spring of 1995, Plaintiff Brown filed a criminal complaint and a civil suit in Galveston County, Texas, against Titsworth Kennels and many of the defendants to the instant action.  Shortly after filing the suit, however, Brown nonsuited the action.

Shortly afterwards, Titsworth Kennels countered by filing a civil action in a Harris County district court against Brown and his two stepsons, Bill Stringham and Kenneth D. Stringham ("the Stringhams") in which Titsworth Kennels ultimately prevailed.  Two years later, however, Brown and

---

[1]Plaintiffs' complaint is vague on the dates of the lease or the exact nature of the dispute that arose out of the lease agreement.

66

the Stringhams filed a bill of review in Harris County District Court seeking to set aside the 1995 judgment.[2] The attack on the judgment, however, was unsuccessful. The district court granted Defendants' no evidence motion for summary judgment.

In December 11, 2002, several years after original judgment was entered against them, Brown and the Stringhams, proceeding *pro se*, filed the present action alleging that the 1995 judgment was the result of a conspiracy to violate their civil rights and confiscate their property. Brown and the Stringhams' complaint asserts causes of action under 42 U.S.C. §§ 1983, 1985, and 1986; malicious prosecution, abuse of process, fraud, and false imprisonment.

Currently pending before the Court are several motions to dismiss. After reviewing the motions, pleadings, and applicable law, the Court concludes that the claims brought by Plaintiffs' should be dismissed as time barred.

## II. DISCUSSION

### A. Federal Civil Rights Claims

Claims under §§ 1983 and 1985 are subject to a two year statute of limitations. *See Slack v. Carpenter*, 7. F.3d 418, 419 (5th Cir. 1993) (holding that the Texas general personal injury limitations period of two years applies to claims under §§ 1983 and 1985). Claims under § 1986 are subject to a one year limitations period. *See* 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

---

[2] A bill of review is a means of setting aside a judgment after the trial court's plenary power expires. *See* Tex. R. Civ. P. 329(b)(f). Plaintiffs' complaint does state the grounds for their bill of review.

The limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See id.* Brown and the Stringhams allege that Defendants conspired "to deprive the plaintiffs of their property on or about July, 1994; and had succeeded in doing so around August or September, 1995; by willfully, knowingly, and maliciously, violating the Plaintiffs' constitutionally protected rights and freedoms . . . ." *See Pls.' Complt.* at 9. Therefore, according to Plaintiffs' complaint, Brown and the Stringhams knew, or should have known, of the injury giving rise to their civil rights claims by September 1995. Therefore, Plaintiffs were required to file their § 1986 claim by September 1996; and their §§ 1983 and 1985 claims by September 1997. The present action, however, was not filed until December 11, 2002, well beyond the respective statutes of limitations.

### B. State Law Claims

*Malicious prosecution and Abuse of Process.* Plaintiffs' malicious prosecution and abuse of process claims allege that the 1995 civil suit filed by Titsworth was the result of Defendants' conspiracy to force "Plaintiffs to wrongfully surrender their property . . . ." *See Pls.' Complt.* at 42. Under Texas law, a malicious prosecution claim is subject to a one year statute of limitations. *See Lang v. City of Nacogdoches*, 942 S.W.2d 752, 759 (Tex. App.--Tyler 1997). Causes of action for abuse of process, on the other hand, are subject to a two year limitations period. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. Accordingly, Plaintiffs' were required to assert their causes of action for malicious prosecution and abuse of process no later than 1996 or 1997, respectively. These claims were not asserted, however, until the filing of the instant action more than six years later.

*Fraud.* Plaintiffs' complaint states that Defendants "willfully, deliberately, and maliciously, engaged[d] in Fraudulent and Dishonest acts against the Plaintiffs . . . ." Fraud is subject to a four

year statute of limitations. *See Williams v. Khalaf*, 802 S.W.2d 651, 657 (Tex. 1990). Plaintiffs

complaint does not make clear when the alleged conduct giving rise to their fraud claim occurred or

when Plaintiffs became aware of that conduct. According to Plaintiffs' complaint, however, Brown

and the Stringhams must have been aware of the alleged fraudulent conduct by 1997 when they filed

the bill of review seeking to set aside the 1995 judgment. Therefore, the instant cause of action for

fraud was filed more than a year beyond the limitations period. [3]

*False Imprisonment.* Claims for false imprisonment are subject to a two year statute of

limitations. *See White v. Cole*, 880 S.W.2d 292, 295 (Tex. App.--Beaumont 1994). According to

Plaintiffs' complaint, in 1996 a Harris County District Judge ordered that Bill Stringham be

incarcerated for refusing to comply with an order issued during a post-judgment hearing. *See Pls.'*

*Complt.* at 32-34. Apparently, Stringham refused to obey the judge's orders because he claimed that

the 1995 judgment was void and that the judge, visiting from another district, did not have

jurisdiction. *See id.* The district judge held Stringham in contempt and ordered that he be jailed.

Plaintiffs' complaint contends that Stringham's four day incarceration was a result of Defendants'

conspiracy to deprive them of their property. *See id.* The applicable statue of limitations, however,

required that Plaintiffs raise such an allegation, if at all, no later than 1998.

---

[3]Moreover, even if Plaintiffs' fraud claim was timely filed, Plaintiffs fail to plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b). ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.) Plaintiffs' complaint summarily alleges that Defendants engaged in fraud. Plaintiffs do not specify what acts were allegedly fraudulent or which Defendants engaged in the allegedly fraudulent activity. It is not even clear from the complaint when the fraudulent acts allegedly occurred.

## III. CONCLUSION

Plaintiffs' complaint asserts a number of causes of action against a variety of defendants. According to the facts alleged by Plaintiffs, however, the various claims arose in 1995 or, at the latest, by 1997. According to the applicable statutes of limitations, however, the window of time in which Brown and the Stringhams were allowed to seek redress for these alleged injuries has long since passed. Therefore, the Court concludes that the causes of action asserted by Brown and the Stringhams should be dismissed as time barred.

Accordingly, the Court

**ORDERS** that all claims asserted by Plaintiffs against Defendants are hereby **DISMISSED**.

**SIGNED** at Houston, Texas, this _17_ th day of April, 2003.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE